IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HUANG ZHIYANG,<br>26th Mile East XIAMEN<br>Room 1104<br>Huli Fanghu, Fujian, China,<br><br>        Plaintiff,<br><br>v.<br><br>45.COM, an Internet domain name, and<br>JOHN DOE,<br><br>        Defendants. | Civil Action No. 1:20-cv-00836 |

## VERIFIED COMPLAINT

Plaintiff Huang Zhiyang ("Mr. Zhiyang" or "Plaintiff"), by counsel, alleges as follows for its Verified Complaint against Defendants:

## NATURE OF THE SUIT

1. Mr. Zhiyang's claims in this case involve intellectual property theft by computer hacking—colloquially referred to as "domain name theft" or "domain name hijacking." To recover his valuable intellectual property, Mr. Zhiyang asserts *in rem* claims under 28 U.S.C. § 1655 and Virginia common law, and *in personam* claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and Virginia common law, arising from the unauthorized access to Mr. Zhiyang's secured computer account and the unauthorized transfer and theft of the 45.COM domain name (the "Defendant Domain Name").

2. Mr. Zhiyang seeks injunctive and other relief as a result of the actions of a person

© 2020 Wiley Rein LLP.  All rights reserved.

of unknown identity who gained unauthorized access to Mr. Zhiyang's domain name management account on a protected computer, transferred control of the Defendant Domain Name from Mr. Zhiyang's account and disabled Mr. Zhiyang's control of the Defendant Domain Name thereby causing irreparable injury to Mr. Zhiyang.

## PARTIES

3. Plaintiff Mr. Zhiyang is a resident of China with an address of 26th Mile East XIAMEN, Room 1104, Huli Fanghu, Fujian, China. Mr. Zhiyang was, and is, the rightful owner of the Defendant Domain Name.

4. Defendant 45.COM is an Internet domain name which, according to records in the Whois database of domain name registrations, has been improperly transferred from Mr. Zhiyang's domain account at the registrar Xiamen 35.Com Technology Co., Ltd. to a different account at Xiamen 35.Com Technology Co., Ltd. The identity of the current registrant of 45.COM is being concealed by Xiamen 35.Com Technology Co., Ltd. A copy of the current, unauthorized domain name registration record for 45.COM is attached as Exhibit A.

5. Defendant John Doe is a person of unknown identity who gained unauthorized access to Mr. Zhiyang's protected domain name management account and, without consent or authority, transferred control of Defendant Domain Name away from Mr. Zhiyang.

## JURISDICTION, VENUE AND JOINDER

6. This action arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Virginia.

7. This Court has original jurisdiction under 28 U.S.C. §§ 1331, 28 U.S.C. § 1367, 28 U.S.C. § 1655, and the doctrines of ancillary and pendent jurisdiction.

© 2020 Wiley Rein LLP.  All rights reserved.

8. This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 28 U.S.C. § 1655. *In rem* jurisdiction is appropriate under 28 U.S.C. § 1655 because the 45.COM domain name is property situated in this district and Mr. Zhiyang is asserting a claim of ownership to the 45.COM domain name and seeking removal of the cloud on the title of the domain name.

9. Mr. Zhiyang's *in personam* claims against John Doe for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and for conversion, are based on John Doe's unauthorized access to and alteration of computer records maintained on protected computers for the domain registry located within the district so as to effectuate the theft of the Defendant Domain Name.

10. John Doe directed the acts complained of herein toward the district and utilized instrumentalities in the district in that John Doe gained unauthorized access to Mr. Zhiyang's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant Domain Name away from Mr. Zhiyang.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1655 in that the Defendant Domain Name is property situated in this district and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

12. Joinder of the Defendant Domain Name and Defendant John Doe is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to both of the Defendants.

© 2020 Wiley Rein LLP. All rights reserved.

## MR. ZHIYANG'S RIGHTS

13.     Mr. Zhiyang purchased the domain name 45.COM on April 21, 2015 for $250,000.00 from Xiamen Shiwo Network Technology CO., Ltd.  Attached as Exhibit B is an archived copy of the Whois record for the 45.COM domain name from April 8, 2015, i.e., before the purchase was completed, identifying Xiamen Shiwo Network Technology CO., Ltd. as the then-registrant of the domain name.

14.     After acquiring the 45.COM domain name, the domain name was transferred from the registrant account of Xiamen Shiwo Network Technology CO., Ltd. to Mr. Zhiyang's registrant account and the registrant was updated in the Whois database to identify Mr. Zhiyang as the owner of the domain name. Attached as Exhibit C is an archived copy of the Whois record for the 45.COM domain name from June 10, 2015 identifying Mr. Zhiyang as the registrant of the domain name.

15.     Mr. Zhiyang maintained control of the 45.COM domain name within his account from the date of purchase until his account was accessed without authorization and the domain name was unlawfully transferred to another account.

16.     Attached as Exhibit D is an archived copy of the Whois record for the 45.COM domain name from May 12, 2016 identifying Mr. Zhiyang as the registrant of the domain name.

17.     Attached as Exhibit E is an archived copy of the Whois record for the 45.COM domain name from April 6, 2017 identifying Mr. Zhiyang as the registrant of the domain name.

18.     Attached as Exhibit F is an archived copy of the Whois record for the 45.COM domain name from April 14, 2018 identifying Mr. Zhiyang as the registrant of the domain name.

© 2020 Wiley Rein LLP.  All rights reserved.

19.     In 2019, the registrar Xiamen 35.Com Technology Co., Ltd. began concealing domain registrant information from the public Whois records for domain names, but Mr. nonetheless continued to own and control the 45.COM domain name.  Attached as Exhibit G is a copy of a "friendly reminder" email dated December 2, 2019 from the registrar Xiamen 35.Com Technology Co., Ltd. reminding Mr. Zhiyang of his account information for the 45.COM domain name.  The 45.COM domain name was transferred out of Mr. Zhiyang's account without authorization at some point after the "friendly reminder" email from the registrar.

20.     As a stolen domain name, no subsequent registrant may acquire title to the Defendant Domain Name that is superior to Mr. Zhiyang's title to the 45.COM domain name.

**UNLAWFUL TRANSFER AND REGISTRATION OF THE DOMAIN NAME**

21.     The Verizon 2020 Data Breach Investigations Report reported that there were over 108,069 security breaches in 2019—with 100,000+ of the breaches involving the unauthorized use of an individual's login credentials to obtain unlawful access to a secured account.

22.     Mr. Zhiyang's claims in the present case involve one of the most recent iterations of such computer hacking actions—colloquially referred to as "domain name theft."

23.     Mr. Zhiyang maintains a domain name management account with Xiamen 35.Com Technology Co., Ltd.

24.     Mr. Zhiyang's domain name management account with Xiamen 35.Com Technology Co., Ltd. is maintained on a protected computer and access to the account should be restricted to only those persons that possess Mr. Zhiyang's username and password.

25.     After learning that the 45.COM domain registration had been transferred from his account to another account at Xiamen 35.Com Technology Co., Ltd., Mr. Zhiyang immediately

contacted Xiamen 35.Com Technology Co., Ltd. and sought assistance in recovering the domain name, but Xiamen 35.Com Technology Co., Ltd. claimed to have an inability to recover the domain name.

26.     A search of Mr. Zhiyang's administrative e-mail account reveals that Mr. Zhiyang never received a notification from Xiamen 35.Com Technology Co., Ltd. that the Defendant Domain Name was being transferred.  Such a domain name transfer notification email is required by ICANN.

27.     On information and belief, John Doe obtained unauthorized access to Mr. Zhiyang's domain registrar account and manipulated the computer records to obtain the transfer of the Defendant Domain Name through a surreptitious manner intended to avoid detection by Mr. Zhiyang.

28.     When the Defendant Domain Name was transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling Mr. Zhiyang's ability to control the domain name.

## FIRST CLAIM FOR RELIEF (*IN REM*)
### *Quiet Title*

29.     Mr. Zhiyang repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

30.     Mr. Zhiyang has valid legal and equitable title to the Defendant Domain Name by virtue of his registration and ownership of the domain name since 2015.

31.     The Defendant Domain Name was stolen from Mr. Zhiyang and no subsequent registrant may acquire valid title to the domain name—whether or not any such registrant purports to be a bona fide purchaser.

© 2020 Wiley Rein LLP.  All rights reserved.

32. Through control of the domain name, John Doe has asserted a claim to the Defendant Domain Name that impedes Mr. Zhiyang's ownership and control of the domain name and constitutes a cloud on Mr. Zhiyang's title to the domain name.

33. Mr. Zhiyang is entitled to a declaration from the Court that it is the lawful owner and registrant of the Defendant Domain Name and that there are no other valid claims against the title to the Defendant Domain Name.

## SECOND CLAIM FOR RELIEF (*IN PERSONAM*)
### *Violation of the Computer Fraud & Abuse Act*

34. Mr. Zhiyang repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

35. John Doe: (a) knowingly and intentionally accessed Mr. Zhiyang's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); (b) knowingly and with an intent to defraud accessed Mr. Zhiyang's domain name management account on a protected computer without authorization and obtained information from the computer, which John Doe used to further a fraud and obtain something of value (18 U.S.C. § 1030(a)(4)); and (c) intentionally accessed Mr. Zhiyang's domain name management account on a protected computer without authorization, and as a result of such conduct caused damage and loss (18 U.S.C. § 1030(a)(5)(C)).

36. John Doe's unlawful actions have included causing the protected domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant Domain Name away from Mr. Zhiyang.

37. Mr. Zhiyang has suffered harm as a result of the conduct complained of herein and the loss of the Defendant Domain Name.

### THIRD CLAIM FOR RELIEF (*IN PERSONAM*)
*Violation of the Electronic Communications Privacy Act*

38. Mr. Zhiyang repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

39. On information and belief, John Doe intentionally accessed without authorization electronic communications sent by Xiamen 35.Com Technology Co., Ltd. to Mr. Zhiyang seeking Mr. Zhiyang's approval for the transfer of the Defendant Domain Name.

40. On information and belief, John Doe obtained such electronic communications and/or prevented Mr. Zhiyang's authorized access to such electronic communications while the communications were in electronic storage.

41. John Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

42. Mr. Zhiyang has suffered harm including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Electronic Communications Privacy Act.

### FOURTH CLAIM FOR RELIEF (*IN PERSONAM*)
*Conversion*

43. Mr. Zhiyang repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

44. Mr. Zhiyang is the owner of property rights in and to the Defendant Domain Name.

45. John Doe has wrongfully taken control of the Defendant Domain Name.

© 2020 Wiley Rein LLP.  All rights reserved.

46. John Doe's wrongful exercise of dominion and control over the Defendant Domain Name deprives Mr. Zhiyang of use and control of the Defendant Domain Name in violation of Mr. Zhiyang's rights in and to the domain name.

47. To the extent that John Doe has subsequently transferred the Defendant Domain Name to a person or persons other than John Doe, such other person's wrongful exercise of dominion and control over the Defendant Domain Name deprives Mr. Zhiyang of use and control of the Defendant Domain Name in violation of Mr. Zhiyang's rights in and to the domain name.

48. Mr. Zhiyang has suffered harm including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and/or attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Zhiyang respectfully requests of this Court:

1. That judgment be entered in favor of Mr. Zhiyang on his *in rem* claim under 28 U.S.C. § 1655 for quiet title against the *res* Defendant 45.COM, and that the Court declare Mr. Zhiyang is the rightful owner of the Defendant Domain Name.

2. That the Court order, pursuant to the judgment in favor of Mr. Zhiyang on his *in rem* claim, the Defendant Domain Name be returned to Mr. Zhiyang through VeriSign, Inc.'s transfer of the domain name from the current domain name registrar to Mr. Zhiyang's registrar of choice, GoDaddy.com, LLC, and by the registrar's change of the registrant back to Mr. Zhiyang.

3. That judgment be entered in favor of Mr. Zhiyang on its his *personam* claims under the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, and for Conversion against Defendant John Doe.

4. That the Court order, pursuant to the judgment in favor of Mr. Zhiyang on his *in personam* claims, an award of actual, statutory, and/or punitive damages, costs and reasonable attorney's fees; and

5. That the Court order an award to Mr. Zhiyang of such other and further relief as the Court may deem just and proper.


Dated: July 23, 2020     By:     /s/ Attison L. Barnes, III /s/
                                  Attison L. Barnes, III (VA Bar No. 30458)
                                  David E. Weslow (*for pro hac admission*)
                                  Adrienne J. Kosak (VA Bar No. 78631)
                                  WILEY REIN LLP
                                  1776 K St. NW
                                  Washington, DC 20006
                                  (202) 719-7000 (phone)
                                  (202) 719-7049 (fax)
                                  abarnes@wiley.law

                                  *Counsel for Plaintiff*
                                  *Huang Zhiyang*

© 2020 Wiley Rein LLP.  All rights reserved.

## **VERIFICATION**

I, Huang Zhiyang, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

_____
Huang Zhiyang

_____
Date   23/07/2020