UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HUANG ZHIYANG, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 45.COM, an Internet domain name, and ) <br> JOHN DOE, ) <br> ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:20-cv-00836 (RDA/IDD) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Huang Zhiyang's Motion for Default Judgment against Defendants 45.com ("Defendant Domain Name") and John Doe. *See* Pl.'s Mot. For Default J., Dkt. No. 8. After the Defendants failed to file an answer or response by September 18, 2020, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, relevant portions of the underlying record, and the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be GRANTED.

**I. Introduction**

On July 23, 2020, Huang Zhiyang ("Mr. Zhiyang" or "Plaintiff") filed his Complaint against 45.com seeking relief under 28 U.S.C. § 1655; the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; the Federal Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707; and related claims arising under Virginia common law. Compl. ¶ 1, Dkt. No. 1.

Specifically, Plaintiff requests that judgment be entered in favor of Mr. Zhiyang on his *in rem* claim for quiet title; that the Court declare Mr. Zhiyang the rightful owner of Defendant Domain Name; and that the Court order the Defendant Domain Name be transferred to Plaintiff. *Id.* at 9. Plaintiff's Complaint seeks additional relief against John Doe, but Plaintiff requests that if his Motion for Default Judgment is granted against Defendant Domain Name that the Court dismiss without prejudice his claims against Defendant John Doe, the second through fourth counts of the Complaint. Pl.'s Mot. For Default J. at n. 1.

### A. Jurisdiction, Venue and Joinder

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1655 because this case involves federal questions arising under a federal law dealing with removal of encumbrances upon title to real or personal property, and the Court has supplemental jurisdiction over Virginia common law claims pursuant to 28 U.S.C. § 1367. Compl. ¶7.

This Court has *in rem* jurisdiction over the Defendant Domain Name because Verisign, Inc., the registry operator for all ".com" domain names, is located in Virginia. See *Chen Lunxi v. Doe*, Civil Action No. 1:19-cv-1027 (AJT/TCB), 2020 U.S. Dist. LEXIS 74849, at *7 (E.D. Va. Mar. 27, 2020). The Court also has *in rem* jurisdiction under 28 U.S.C. § 1655 because the Defendant Domain Name is property situated in this District, and Plaintiff is asserting a claim of ownership and seeking to remove the cloud of title on the domain name. Compl. ¶8.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1655 because the Defendant Domain Name is located in this District. *Id.* ¶ 11. Joinder of the

Defendant Domain Name and John Doe is proper under Rule 20(a)(2) in that the claims set forth herein appear to arise out of the same series of transactions, and the same questions of law are common to both Defendants. *Id.* ¶ 12.

### B. Service of Process

Federal Rule of Civil Procedure 4(e) governs service upon an individual and allows service by "delivering a copy of the summons and of the complaint to the individual personally…" FED. R. CIV. P. 4(e). If personal service is impracticable, 28 U.S.C. § 1655 provides that a court order directing an absent defendant to appear or plead by a certain day shall be published for not less than once a week for six consecutive weeks. *See* 28 U.S.C. § 1655. "If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action." *Id*.

On July 27, 2020, Plaintiff filed a Motion for *In Rem* Service Pursuant to 28 U.S.C. § 1655 and *In Personam* Service by Publication and Email. Dkt. Nos. 2-3. On July 28, 2020, the Court granted Plaintiff's Motion for Service by Publication and *In Personam* Service by Publication and Email and ordered Plaintiff to publish the Order providing notice to the Defendants in either the *Washington Post* or *The Washington Times* at least once per week for six consecutive weeks within fourteen (14) days after the entry of the Order. Dkt. No. 5. The Order was published in *The Washington Times* on July 30, 2020, August 6, 2020, August 13, 2020, August 20, 2020, August 27, 2020, and September 3, 2020. Affidavit of Publication, Attach. 1 to Dkt No. 6-1. On September 14, 2020, a copy of the Order was sent to Defendant John Doe using the contact information in the domain name registration of the Defendant Domain Name and to Verisign., Inc. *See* Decl. of Ari Meltzer in Support of Request for Clerk's Entry of Default, Dkt. No. 6-1 ¶5.

### C. Grounds for Default

Plaintiff filed his Complaint on July 23, 2020. Compl., Dkt. No. 1. In accordance with the Order of Service by Publication, the Defendants' answers or other responses were due no later than September 18, 2020, and no such answer or other response has been filed or served. Pl.'s Request for Clerk's Entry of Default, Dkt. No. 6 ¶¶ 9-10. Plaintiff filed a Request for Clerk's Entry of Default on September 22, 2020, and the Clerk of the Court entered default on September 23, 2020. Dkt. Nos. 6, 7. Plaintiff filed a Motion for Default Judgment on September 29, 2020. Dkt. No. 8. The undersigned Magistrate Judge then took this matter under advisement to issue this Report and Recommendation.

### II. Factual Findings

Mr. Zhiyang purchased the domain name 45.com on April 21, 2015 for $250,000 from Xiamen Shiwo Network Technology CO., Ltd. Compl. ¶13. The Whois archival record for the 45.com domain name from April 8, 2015, prior to the purchase, identifies Xiamen Shiwo Network Technology CO., Ltd. as the then-registrant of the domain name. *See* Compl. Exhibit B, Dkt. No. 1-3. After Plaintiff acquired the 45.com domain name, the domain name was transferred from the registrant account of Xiamen Shiwo Network Technology CO., Ltd. to that of Mr. Zhiyang. Compl.¶14. The Whois database was updated to identify Mr. Zhiyang as the registrant. *Id.* The Whois archival records for 45.com from June 10, 2015, May 12, 2016, April 6, 2017, and April 14, 2018 identify Mr. Zhiyang as the registrant of the Defendant Domain Name. *Id.* ¶14-18; Compl. Exhibits C-F, Dkt. Nos. 1-4, 1-5, 1-6, 1-7. In 2019, Xiamen 35.Com Technology Co., Ltd., the domain registrar, began to conceal domain registrant information from Whois records. Compl. ¶ 19. On December 2, 2019, the registrar sent Mr. Zhiyang a "friendly reminder" email about security protocols. Compl. Exhibit G, Dkt. No. 1-8. Sometime after that email, the 45.com domain name was transferred out of Mr. Zhiyang's account without authorization. Compl. ¶ 19.

Plaintiff maintained a domain name management account with Xiamen 35.Com Technology Co., Ltd. *Id*. ¶23. Plaintiff maintained his account on a protected computer, and access to the account should have been restricted to those who possessed Mr. Zhiyang's username and password. *Id*. ¶24. Despite this, on information and belief, John Doe obtained unauthorized access to Mr. Zhiyang's domain registrar account and manipulated computer records to transfer registration of 45.com through a surreptitious manner intended to avoid detection by the Plaintiff. *Id*. ¶ 27. The domain name registrant information was changed, and the technical settings for the domain name were changed, thereby disabling Mr. Zhiyang's ability to control the domain name. *Id*. ¶ 28. When he learned that the domain registration for 45.com had been transferred to a different account at Xiamen 35.Com Technology Co., Ltd., Mr. Zhiyang sought the company's assistance in recovering the domain name, but it claimed to be unable to recover the domain name. *Id*. ¶ 25. The identity of the current registrant of the Defendant Domain Name is being concealed by Xiamen 35.Com Technology Co., Ltd. *Id*. ¶ 4. Mr. Zhiyang did not receive notification from Xiamen 35.Com that the Defendant Domain Name was being transferred, despite such notification being a requirement of the Internet Corporation for Assigned Names and Numbers ("ICANN"). *Id*. ¶ 26.

### III. Evaluation of Plaintiff's Complaint

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the

adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id*.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

## I. Requested Relief

Plaintiff seeks judgment in favor of his *in rem* claim for quiet title, that the Court declare him the lawful owner of Defendant Domain Name, and that the Court issue a permanent injunction transferring the Defendant Domain Name to him.

## A. Quiet Title

Plaintiff alleges that the Defendant Domain Name was stolen from him through unauthorized access to his domain management account and seeks to remove the cloud upon his title to the Defendant Domain Name pursuant to 28 U.S.C. § 1655. That section states that: "In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain."

A successful claim under Section 1655 requires three prerequisites: (1) the suit must be one to enforce a legal or equitable lien upon, or claim to, the title to real or personal property, or to remove some encumbrance, lien or cloud upon the title of such property; (2) the proceeding must be in aid of some pre-existing claim, existing prior to the suit in question, and not a proceeding to create for the first time a claim to the property as the effect of the proceeding itself; and (3) the property in question must have a situs within the district in which suit is brought in a federal district court. *See Heathmount A.E. Corp. v. Technodome.com*, 2000 U.S. Dist. LEXIS 20316, *13, 60 U.S.P.Q.2D (BNA) 2018, 2022 (E.D. Va. December 29, 2000)(citing *McQuillen v. National Cash Register Co.*, 112 F.2d 877, 880 (4th Cir. 1940)). Section 1655 directs the district court "to enforce any lien or claim to, or to remove any incumbrance of lien or cloud upon the title to, real or personal property within the district." *Alsdorf v. Bennigson*, No. 04 C 5953, 2004 U.S. Dist. LEXIS 24696, at *21-22 (N.D. Ill. Dec. 2, 2004) (citing *G. P. Credit Co., L.L.C. v. Orlando Residence, Ltd.*, 349 F.3d 976, 978 (7th Cir. 2000)).

Here, Plaintiff satisfies all three prerequisites of Section 1655 to enable the Court to enforce his claim of title. First, Mr. Zhiyang seeks to enforce a claim to, and remove the cloud upon, the title on the 45.com domain name that was stolen from him. Compl. ¶¶ 29-33. Second, because Mr. Zhiyang owned the domain name by virtue of his purchase of it in 2015 and maintained its registration until he was denied access to the domain name in 2019, his claim to the title preceded the filing of this civil action. Compl. ¶13-19. The property is maintained in the district by Verisign, Inc., the registry operator for .com domains. *See Chen Lunxi*, 2020 U.S. Dist. LEXIS 74849, at *7; *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 224 (4th Cir. 2002) ("[W]e conclude that courts in Virginia, the state where the Domain Names are registered, may constitutionally exercise *in rem* jurisdiction over them.").

### B. Declaration of Lawful Ownership

Plaintiff seeks a declaration that he is the legal owner of the 45.com domain name. "An action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *See Maine v. Adams*, 672 S.E.2d 862, 866 (Va. 2009). Under Virginia law, a party asserting a quiet title action must plead that he or she has superior title to the property. *Tapia v. U.S. Bank, N.A.,* 718 F. Supp. 2d 689, 700 (E.D. Va. 2010), *aff'd,* 441 F. App'x 166 (4th Cir. 2011). The judgment in a quiet title action conclusively establishes complete title to the property in the prevailing party. *Parrish v. Fed. Nat'l Mortgage Ass'n*, 787 S.E.2d 116, 127 (Va. 2016).

Here, the undersigned finds that Plaintiff sufficiently alleged that he holds superior title to the 45.com domain name. Mr. Zhiyang purchased the domain name 45.com on April 21, 2015 for $250,000 from Xiamen Shiwo Network Technology CO., Ltd. Compl. ¶13. Whois archival records for 45.com indicates that Xiamen Shiwo Network Technology Co., Ltd. was the registrant on April 8, 2015 (Dkt. No. 1-3) and that Mr. Zhiyang was the registrant on June 10, 2015 (Dkt. No. 1-4), demonstrating the transition in domain registration of 45.com from Xiamen Shiwo Network to the Plaintiff. Whois archival records for 45.com on May 12, 2016, April 6, 2017, and April 14, 2018 identify Mr. Zhiyang as the registrant of the Defendant Domain Name. See Compl. ¶15-18; Compl. Exhibits D-F, Dkt. Nos. 1-5, 1-6, 1-7. The "friendly reminder" email dated December 2, 2019 from the registrar, Xiamen 35.Com Technology Co., Ltd., reminding Mr. Zhiyang about protocols regarding the 45.com domain name also serves as proof that the Plaintiff held title to the Defendant Domain Name. Compl. Exhibit G, Dkt. No. 1-8. Plaintiff maintained the 45.com domain name until sometime after that email, when the 45.com domain name was transferred out of Mr. Zhiyang's account without his authorization. Compl. ¶ 19.

## C. Permanent Injunction

Plaintiff seeks a permanent injunction directing the transfer of the 45.com domain name back to Mr. Zhiyang.

To obtain a permanent injunction, the Fourth Circuit has held that a plaintiff must show:

    (1) that it has suffered an irreparable injury;
    (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
    (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
    (4) that the public interest would not be disserved by a permanent injunction.

*See Almeida v. TabelaFipeBrasil.com*, Civil Action No. 1:19-cv-1105 (CMH/TCB), 2020 U.S. Dist. LEXIS 116650, at *17-18 (E.D. Va. Jan. 24, 2020)(citing *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007)).

The undersigned finds that permanent injunctive relief is warranted. First, Plaintiff has demonstrated that he suffered irreparable injury when Defendant Doe wrongfully transferred control of the 45.com domain name from Mr. Zhiyang by changing the domain registration records. *See* Memorandum of Points and Auth. in Support of Plaintiff's Mot. For Default J. at 12. As a result of the theft, Mr. Zhiyang lost unique and irreplaceable property. *Id*. Domain names are unique and can only be owned by one entity. *See Booking.com B.V. v. Matal*, 278 F. Supp. 3d 891, 910 (E.D. Va. 2017), *amended*, No. 116CV425LMBIDD, 2017 WL 4853755 (E.D. Va. Oct. 26, 2017*), aff'd sub nom. Booking.com B.V. v. United States Patent & Trademark Office*, 915 F.3d 171 (4th Cir. 2019), *as amended* (Feb. 27, 2019), aff'd, 140 S. Ct. 2298, 207 L. Ed. 2d 738 (2020), and *cert. granted, judgment vacated*, No. 18-1309, 2020 WL 3578671 (U.S. July 2, 2020), and *aff'd sub nom. Booking.com B.V. v. United States Patent & Trademark Office,* 915 F.3d 171 (4th Cir. 2019), *as amended* (Feb. 27, 2019), and *aff'd*, 140 S. Ct. 2298, 207 L. Ed. 2d 738 (2020), and *cert. granted, judgment vacated and remanded on other grounds,* No. 18-1309, 2020 WL 3578671 (U.S. July 2, 2020); *Heathmount*, 2000 U.S. Dist. LEXIS 20316, at *9 ("Every domain name is unique."). Thus, Plaintiff will continue to suffer irreparable harm absent injunctive relief.

Second, the available remedies at law, such as monetary damages, are inadequate to compensate for Plaintiff's injury. The identity of the current registrant of the Defendant Domain Name is being concealed by Xiamen 35.Com Technology Co., Ltd. Compl. ¶ 4. Because

Plaintiff has been unable to identify Defendant John Doe and is seeking default judgment *in rem*, Mr. Zhiyang would be unable to recover any compensatory damages to which he may be entitled. *See Almeida*, 2020 U.S. Dist. LEXIS 116650, at* 18. Thus, injunctive relief is the only available means of remedying Plaintiff's harm. *Id*.

Third, the balance of hardships weighs in favor of the Plaintiff. Because Defendant Doe does not own the Defendant Domain Name, losing control over 45.com will not present a hardship. *See Chen Lunxi*, 2020 U.S. Dist. LEXIS 74849, at * 18-19 (Domain name thief "would not suffer a cognizable hardship here because he took property that did not belong to him in the first place"). Plaintiff, however, suffered hardship when the domain name he purchased and controlled since 2015 was stolen from him. Finally, granting injunctive relief is in the public's interest because "it will protect Plaintiff's rightful ownership of property and potentially deter future computer hacking and illegal domain-name transfers." *Id*. at *19.

## IV.    Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiff's *in rem* claim for quiet title against the Defendants. The undersigned further recommends that an Order be entered declaring Plaintiff the lawful owner of the 45.com domain name and directing VeriSign, Inc. to transfer the Defendant Domain Name to Plaintiff's registrar of choice, GoDaddy.com LLC, and directing GoDaddy.com LLC to transfer ownership of the Defendant Domain Name to Mr. Zhiyang. The undersigned further recommends that the Court dismiss the remaining counts against Defendant John Doe without prejudice.

## V. Notice

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the registrant(s) at the email address associated with the Defendants:

https://rdap.35.com/contact/domain/45.com

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

January 13, 2021
Alexandria, Virginia