**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| HUANG ZHIYANG,<br><br>    Plaintiff,<br><br>v.<br><br>45.COM, an Internet domain name, and<br>JOHN DOE,<br><br>    Defendants. | Civil Action 1:20-cv-836-LO-IDD |

## PLAINTIFF'S RESPONSE TO MOTION TO REOPEN, INTERVENE, AND SET ASIDE JUDGMENT

Plaintiff HUANG ZHIYANG ("Plaintiff"), through counsel and pursuant to Local Civil Rule 7(F)(1), files this Response to Movant "Huang Zhiyang" ("Movant")'s Motion to Reopen, Intervene, and Set Aside the Final Judgment ("Movant's Motion"), and states as follows:

Fed. R. Civ. P. 55(c) provides that a default judgment may only be set aside "for good cause." Interpreting this requirement, the Fourth Circuit has identified the following factors for consideration: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)).

Plaintiff believes that Movant may be Defendant John Doe who stole Plaintiff's identity, gained unauthorized access to Plaintiff's various accounts, and continues to maintain such unlawful access in furtherance of the continued impersonation of Plaintiff. *See* Second Declaration of Huang Zhiyang ¶ 4, May 11, 2021, attached hereto as Exhibit A ("Second Zhiyang Decl."). Plaintiff believes that Movant's highly redacted documentation filed in support of Movant's Motion is of questionable validity, and that Movant's claimed lack of knowledge of the instant litigation is highly suspect.

For example, the documentation purporting to establish Movant's identity has been so highly redacted that its veracity cannot be assessed, Movant's Decl. ¶¶ 10-19 (ECF No. 16-1), Exs. HZY01-HZY10 (ECF Nos. 16-2 – 16-11), the purported domain name registrar records lack typical indicia of legitimacy such complete URL addresses, screen capture dates, and attestation by the registrar, Lo Decl. ¶¶ 5-6 (ECF No. 16-15), Exs. 6-7 (ECF Nos. 16-21, 16-22), and the declarations concerning Movant's purported email account show nothing more than that Movant potentially has access to an email account that Plaintiff formerly controlled before his accounts were hacked and his identity was stolen. Second Zhiyang Decl. ¶ 5; Verified Compl. ¶¶ 19, 26-27 (ECF No. 1).

With regard to Movant's claimed lack of knowledge of the instant action, the domain registrar that held the 45.com domain name prior to entry of the Court's Final Judgment (Xiamen 35.Com Technology Co., Ltd.) is required by its registrar accreditation from the Internet Corporation for Assigned Names and Numbers (ICANN) to provide a mechanism for contacting domain name registrants, and the registrar could lose its accreditation for failure to provide a working contact mechanism. *See* ICANN,

*Temporary Specification for gTLD Registration Data* §§ 2.5.1.1 ("The email address and the URL to the web form MUST provide functionality to forward communications received to the email address of the applicable contact."), 1.3 (extending temporary specification to Registrar Accreditation Agreement). Plaintiff had no choice but to use this contact mechanism, as the prior registrant concealed its identity and contact information from the public Whois records. *See* Pl.'s Mem. in Supp. of Mot. for in Rem Serv. at 5 (ECF No. 3). On at least three separate occasions, Plaintiff used this contact mechanism to provide Movant with notice of the pendency of the instant action. Pl.'s Mem. in Supp of Mot. for Default J. at 5-6 (ECF No. 9); Decl. of Ari Meltzer ¶ 4, Ex. A (ECF No. 6-1).

Xiamen 35.Com Technology Co., Ltd. is a publicly traded Chinese company[1] that, accordingly to Movant's questionable claims of lack of knowledge of this action, is at risk of de-accreditation by ICANN for its purported failure to forward to Movant all communications concerning this action other than the Court's Final Judgment. And, counsel for the Movant's declaration curiously omits any discussion of examination of Movant's email inbox during the entire pendency of this action when communications were required to have been provided to Movant by Xiamen 35.Com Technology Co., Ltd. and omits any statement that no messages have been deleted from the inbox. *See* Lo Decl. ¶¶ 17-18, 29-31, Exs. 11-25 (ECF No. 16-15). It is simply not credible that Movant claims to have only received notice of the action upon entry of the Final Judgment, and Movant is therefore too late to assert appear in this case. *See, e.g., Cent. Operating Co. v. Util. Workers of Am., AFL–CIO*, 491 F.2d 245, 252–53 (4th Cir. 1974) (affirming denial

---

[1] https://www.marketwatch.com/investing/stock/300051?countrycode=cn

of relief under Rule 60(b)(1) after defendants failed to provide a "satisfactory explanation" for four month delay after receiving notice of default judgments); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967) (affirming denial of Rule 60(b) relief where motion was filed two and one-half months after entry of default judgment).

The sequence of events leading to Movant's appearance in this action also lends credence to Plaintiff's belief that Movant is Defendant John Doe. Approximately one month after implementation of the Court's Final Judgment by the .com domain registry and relevant domain registrar, on April 9, 2021 Plaintiff's counsel received correspondence from Movant's counsel claiming to represent the true owner of the 45.com domain name. Second Zhiyang Decl. ¶ 9, Ex. 1. Plaintiff's counsel spoke with Movant's counsel on April 15, 2021 wherein Movant's counsel sought *inter alia* cooperation in pursuing a transfer of the 45.com domain name to Movant and indicated that, in the absence of such cooperation, Movant would file a motion to set aside the default judgment early the following week. Second Zhiyang Decl. ¶ 10.

Plaintiff's counsel declined Movant's counsel's demands and, at some point within the next few days, Plaintiff's account with the domain name registrar GoDaddy.com (where the domain name was transferred by this Court's Final Judgment) was accessed without authorization by a computer with an IP address associated with Dubai, UAE, and the 45.com domain name was stolen from Plaintiff yet again. *Id.* ¶ 11. Following this most recent theft of the 45.com domain name, Movant did not file its Movant's Motion early the week of April 19, 2021, as threatened, and instead waited until the day after receiving correspondence from Plaintiff's counsel noting that the

4

domain had been stolen again and that Plaintiff believes that Movant is responsible for the original and most recent theft. *Id.* ¶¶ 12-13, Ex. 2.

Plaintiff is aware that the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults are to be avoided and that claims and defenses be disposed of on their merits," *Saurikit, LLC v. cydia.com*, No. 1:11cv0888 JCC/JFA, 2011 WL 5843638, at *2 (E.D. Va. Nov. 21, 2011) (quoting Colleton, 616 F.3d at 417), but Movant has not acted with promptness, and the suspicious documentation submitted by the Movant does not demonstrate a meritorious defense. To the extent that this Court does proceed on the merits, however, Plaintiff reserves all rights to pursue all *in rem* and *in personam* claims, including but not limited to all claims against Movant individually for identity theft and theft of the 45.com domain name.[2]

Dated: May 11, 2021  By:    /s/ Attison L. Barnes, III /s/
  Attison L. Barnes, III (VA Bar No. 30458)
  David E. Weslow (*pro hac vice*)
  WILEY REIN LLP
  1776 K St. NW
  Washington, DC 20006
  (202) 719-7000 (phone)
  (202) 719-7049 (fax)
  abarnes@wiley.law
  dweslow@wiley.law

  *Counsel for Plaintiff*
  *Huang Zhiyang*

---

[2] Plaintiff notes, however, that if this case proceeds, Plaintiff is concerned about potential disclosure of his identity documents, bank account, domain acquisition, and similar documents to Movant in light of the risks that they may be misused by Movant.

# CERTIFICATE OF SERVICE

I, Attison L. Barnes, III, hereby certify that on May 11, 2021, I electronically filed the foregoing by using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Attison L. Barnes, III /s/
Attison L. Barnes, III, Esq. (VA Bar No. 30458)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wiley.law

*Counsel for Plaintiff*
*Huang Zhiyang*