**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **HUANG ZHIYANG,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 1:20-cv-836-LO-IDD** |
| **45.COM, an Internet domain name, and** | § | |
| **JOHN DOE** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO REOPEN, INTERVENE, AND SET ASIDE

Movant Zhiyang Huang ("Mr. Huang" or "Movant") submits this reply in support of his Motion to Reopen, Intervene, and Set Aside the Default Judgment [ECF Nos. 15-16] and in response to Plaintiff Huang Zhiyang's ("Plaintiff") Response to Motion to Reopen, Intervene, and Set Aside [ECF No. 21].

**I.** **INTRODUCTION**

Rather than substantively respond to the Movant's motions, the Plaintiff raises unsubstantiated criticisms of the Movant's evidence that serve no purpose but to demonstrate the need for the Movant's motions to be granted in order to allow this Court an opportunity to review the evidence and determine conclusively the owner of the Domain Name at issue. There is only one issue before the Court—who is "Huang, Zhiyang," the rightful owner of the domain name 45.com (the "Domain Name"). The Movant has submitted government-issued IDs, birth certificate, and parents' IDs to establish his identity. The Movant also submitted documents

demonstrating that his address, phone number, email, and his accounts are the same as those the Registrar's records associate with the proper owner of the Domain Name.

Faced with the identity challenge, the Plaintiff submits no documents establishing his identity. Not even a redacted copy of his passport, driver license, or any common government-issued photo IDs. Instead, the Plaintiff accuses the Movant, with no support, of stealing the Domain Name twice and casually dismisses all the evidence submitted by the Movant as unreliable or being obtained as a result of computer hacking, again without any support for such allegations.

Ultimately, this case is about the Plaintiff's identity and the Movant's identity. The Plaintiff sought and obtained a default judgment without the Plaintiff establishing his identity or even verifying his ownership of the Domain Name. In his Motion, the Movant has offered significant documentation of his identity and ownership of the Domain Name, which brings into serious doubt the Plaintiff's identity and more than justify the setting aside of the default judgment. The Movant respectfully requests the Court to set aside the default judgment so that each party's identity can be examined, the true Huang, Zhiyang can be recognized, and the Domain Name can be returned to its rightful owner.

## II.   <u>ARGUMENTS</u>

### A.   <u>The Plaintiff's criticisms of the Movant's documents are specious.</u>

Instead of providing evidence establishing his identity, the Plaintiff criticizes that the documents provided by the Movant are unreliable because they are redacted. Not only does this position ignore the requirements of Federal Rules of Civil Procedure, 5.2, which requires the redactions, but also disregards the non-redacted information contained in the 38 exhibits provided by the Movant that substantiate his identity. The Movant is prepared to provide unredacted copies of his identification documents for the Court's review. The Movant will also

2

appear at the hearing (if conducted remotely using Zoom), for the Court to examine his identity and supporting identification documents.  All of which evidence overwhelmingly supports not only the conclusion that the Movant is the Huang, Zhiyang who owns the Domain Name, but also that, for the ends of justice, the default judgment must be set aside.

Given the shield provided by Federal Rule of Civil Procedure 5.2, the Plaintiff's failure to provide any redacted documentation substantiating his identity, either in support of his original Motion for Default Judgment [ECF Nos. 6, 9] or in defense of the Movant's Motion, is unjustifiable and suspicious.  Even if the Plaintiff had any support for or evidence of his suspicion that the Movant misappropriated his identity, which he does not, his counsel could have offered production of the identifying documents under a protective order for attorney's eyes only.  Counsel made no such request, but instead asks the Court to deny the Movant's motion based on representations that Plaintiff's counsel possesses such documents.  This position has no basis in law and the Movant respectfully requests that the Court reject it, particularly in light of the evidence of a meritorious defense already produced by the Movant.

**B.      Additional evidence uncovered by the Movant brings into further question the Plaintiff's identity.**

As of today, the only non-public evidence provided to the Plaintiff is still the snapshot of an email allegedly sent by the Registrar to the email address "whoisprotecte@gmail.com." Complaint, Exhibit G.  The Movant in his Motion has shown that that email address did not appear in any WHOIS record of the Domain Name and was not associated with the Registrar account.  ECF No. 16, p. 14.

In its opposition, the Plaintiff provides no rebuttal evidence and simply alleges that it has been using that email address since the alleged hacking.  Dkt. 21, Exhibit A, ¶ 6.[1]  The Plaintiff fails to provide any further information associating the email address whoisprotecte@gmail.com with either the Domain Name or the Registrar.  *Id.* at ¶¶ 6-7.

Online research, however, has uncovered that the email address whoisprotecte@gmail.com is not only not associated with the Domain Name, but also that it is not associated with the name "Huang, Zhiyang."  A search on the WHOIS record database shows that the email "whoisprotecte@gmail.com" is associated with the individual "Zhangliang Xu" with an address of No. 361, Niuzhuang Village, Linqi Town, Linzhou, Henan, China."  An exemplary snapshot is provided below:

```
Registrant Internationalized Name: Zhangliang Xu
Registrant Internationalized Organization:
Registrant Internationalized Street: No. 361, Niuzhuang Village, Linqi Town,
Registrant Internationalized City: Linzhou
Registrant Internationalized State: Henan
Registrant Internationalized Postal Code: 456550
Registrant Internationalized Country: CN
Registrant Voice Number: +1.7247690995
Registrant Fax Number:
Registrant Email: whoisprotecte@gmail.com
```

Lo Declaration, Exhibit HLO 01; *see also id.* Exhibits HLO02-05.  It does not appear that the email address "whoisprotecte@gmail.com" is associated with "Huang, Zhiyang" or his address or phone number, which further undermines the Plaintiff's allegation that he is who is says he is.

---

[1] Notably, the Complaint only alleges that the Plaintiff's domain registrar account was hacked.  Complaint, ¶ 27.  It does not allege that the email account l3806038888@l63.com was hacked.  And, as expected, the Plaintiff says nothing about the ownership of the phone number 13806038888.

4

C.    <u>**Plaintiff**</u>

Other than questioning the documentation provided by the Movant without justification, the Plaintiff's only other argument against the Movant's Motion is his suspicion that the Movant must have received notice of this lawsuit earlier than stated.  The Plaintiff asserts that, because of the Registrar's obligation to forward communications to an account holder, the Movant must have received the notice counsel avers he caused to be sent on September 14, 2020 to "the contact information in the domain name registration for 45.com." ECF No. 6-1, ¶ 5.  Plaintiff's counsel failed to identify the specific contact information used or to provide a copy of the transmission of such notice, so there is no evidence that notice was sent to the email address, l3806038888@l63.com, associated with the registration for 45.com.

Instead, it is presumed, as again Plaintiff's counsel failed to provide any documentation of the transmission of the notice, that notice was sent to the webform identified in the Domain Name registration.  No documentation has been offered by the Plaintiff that the webform was correctly completed, that it was received by the Registrar, and that the Registrar forwarded the notice to the Movant.  Nevertheless, the Plaintiff asks this Court to presume, based on the possible ICANN penalties for the Registrar, that the Movant must have received notice.  This is far too tenuous and speculative a conclusion for the Court to give it any credence.

The Movant has confirmed that he did not receive any notice of this action prior to April, 2021, when the final order was forwarded to him and he promptly engaged counsel to communicate with Plaintiff's counsel to get his property returned and to file the Motions at issue. Unlike the defendants in the two cases relied upon by the Plaintiff, the Plaintiff failed to serve the Movant with this lawsuit and offers no evidence to suggest that the Movant was served.  *See Consolidated Masonry & Fireproofing, Inc., v. Wagman Construction Corp.*, 383 F.2d 249, 250 (1967)(defendant was served through its registered agent, failed to filed responsive pleadings,

and lacked a meritorious defense); *Central Operating Co., v. Utility Workers of America, AFL-CIO*, 491 F.2d 245, 247-48 (1974)(defendants were personally served with the complaint and failed to file responsive pleadings, notwithstanding an extension of time granted by the Court). Instead, the only evidence before the Court is that the Movant did not receive notice until receipt of the final order in April, 2021.  Based on this lack of notice and service, it is proper for the Court to set aside the default judgment and provide the Movant an opportunity to present his meritorious defense to this Plaintiff's case.

### III.    <u>CONCLUSION</u>

The Movant respectfully request that the Court grant his motion to intervene, to reopen this case, and to set aside the default judgment so that relief can be granted to the Movant and the Domain Name he owns can be ordered returned to him.

Respectfully Submitted,

Dated: May 17, 2021                          /s *Marla J. Diaz*_____ __
                                             Marla J. Diaz (VSB #46799)
                                             Whiteford, Taylor & Preston L.L.P.
                                             3190 Fairview Park Drive, Suite 800
                                             Falls Church, VA 22042
                                             703-280-9131
                                             703-280-9139 facsimile
                                             mdiaz@wtplaw.com

                                             Hsiwen Lo (*To be admitted pro hac vice*)
                                             55 Calle Cabrillo
                                             Foothill Ranch, CA 92610
                                             626-376-6155
                                             hsiwen@lolegal.cc

                                             Hsin-Tung Lee (*To be admitted pro hac vice*)
                                             7545 Irvine Center Drive, Ste 200
                                             Irvine, CA 92618-2933
                                             949-988-0533
                                             isabelle@isaleelaw.com

                                             *Attorneys for Zhiyang Huang*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served through the Court's electronic filing and service system this 17th day of May, 2021 to counsel of record.

/s/  Marla J. Diaz
Marla J. Diaz (VSB #46799)
Whiteford, Taylor & Preston L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042
703-280-9131
703-280-9139 facsimile
mdiaz@wtplaw.com