IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HUANG ZHIYANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-836 (LO/IDD) |
| | ) |
| 45.COM, an Internet domain name, and JOHN DOE | ) |
| | ) |
| Defendant. | ) |

### REDACTED MEMORANDUM ORDER

This MATTER is before the Court on non-party Huang Zhiyang's Motion to Reopen, to Intervene, and for Relief from Final Judgment Order [Dkt. No. 15] (hereinafter "Motion"). Plaintiff filed a Complaint claiming that domain name 45.com ("Defendant Domain Name") was stolen by Defendant John Doe. Dkt. No. 1. After Defendant failed to answer the Complaint and upon review of the record, a default judgment was entered in favor of Plaintiff. Dkt. No. 14. After the Movant filed the present Motion, the default judgment previously granted by the Court was vacated and remanded for rehearing before the undersigned Magistrate Judge [Dkt. No. 24].

Pursuant to Judge O'Grady's May 20, 2021 Order, the undersigned Magistrate Judge conducted an evidentiary hearing on July 22, 2021 to determine the identity of the real Huang Zhiyang and the rightful owner of the domain name 45.com. Plaintiff failed to appear at both the July 8, 2021 pre-hearing conference with the Court and at the evidentiary hearing. Dkt. No. 33. Plaintiff failed to abide by the Court's order to show cause why he failed to appear at the pre-hearing conference, provide the Court with his mailing address and phone

1

number, and submit evidence regarding his ownership of domain name 45.com to the Clerk of Court via email and express delivery service by July 12, 2021. Dkt. No. 33. On August 6, 2021, the Movant filed a supplemental brief. [Dkt. No. 43]. For the reasons that follow, the Court **GRANTS in part** and holds in abeyance part of non-party Huang Zhiyang's Motion to Reopen, to Intervene, and for Relief from Final Judgment Order. The portion of the Motion seeking relief from Final Judgment Order is being held in abeyance pending a forthcoming Report and Recommendation from the undersigned Magistrate Judge.

A.  **Intervention**

As it relates to the Motion to Intervene, this Court finds that Movant Huang Zhiyang ("Mr. Huang" or "Intervenor") was permitted to intervene by the District Court's Order to vacate default judgment previously granted to Plaintiff. [Dkt. No. 24]. In the event this was not the intent of the District Judge, it is now hereby **ORDERED** that the Motion to Intervene is **GRANTED.** The Motion is granted because Intervenor-Applicant Huang Zhiyang has satisfied the requirements for intervention as a right under Rule 24(a)(2).

The Court must permit a person to intervene if he claims an interest relating to the property that is the subject of the action, and is so situated that disposing of the action may impair or impede the movant's ability to protect his interest, unless existing parties adequately represent that interest. *See* FED. R. CIV. P. 24(A). The movant has proffered sufficient evidence to prove that he is the owner of the Defendant Domain Name and therefore has shown that he has an interest in the subject matter of this cause of action.

The movant, likewise, has met the second requirement for intervention because should the Court grant Plaintiff the Domain Name in this case, the movant would be stripped of his

ownership of the Defendant Domain Name. Further, his property interest in the domain would be impaired if the Court resolves the issue of ownership without permitting Mr. Huang[1] to intervene and demonstrate his identity.

Finally, Mr. Huang has satisfied the final requirement because the existing parties to the litigation seek to take ownership of the Defendant Domain Name away from him. His interest is therefore not adequately represented by the existing parties to the litigation. For these reasons, this Court will permit Mr. Huang to intervene in this matter.

**B.     Determination of the Rightful Owner**

Based on the evidence submitted at the evidentiary hearing and the totality of the circumstances, the undersigned Magistrate Judge finds that the Intervenor has sufficiently demonstrated that he is the real Huang Zhiyang and rightful owner of 45.com.

During Mr. Huang's testimony at the evidentiary hearing, he presented his People's Republic of China passport bearing his photo and his ▮▮▮▮▮▮▮▮ date of birth, among other information. Ex. 1. He presented his Resident Identity Card issued by the police at the Huli District in Xiamen city bearing his photo, the same birthdate and his address at ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ in Xiamen city in the Fujian Province of China. Ex. 2.  It also lists his ID Card Number as ▮▮▮▮▮▮▮▮. *Id*. Mr. Huang also presented his utility bill for water service at the same address as on his Resident Identity Card. Ex. 3. The cellular phone bill admitted into evidence as Exhibit 5 is for telephone service for ▮▮▮▮▮▮▮▮ that is billed to Mr. Huang. Ex. 5.

Mr. Huang purchased 45.com on April 20, 2015 from a friend's company, Xiamen Shiwo

---

[1] It is customary for Chinese surnames to come first, followed by the given name. Hr'g Tr. at 37:20-25. Thus, Movant Huang Zhiyang is referred to here as Mr. Huang.

Network Technology Co., Ltd. for six million RMB in cash. Ex. 6 at ¶ 4, Decl. of Chen Chunsheng. The friend, Chen Chunsheng, transferred the domain name to Mr. Huang. *Id.* Mr. Huang registered the domain with Xiamen 35.Com Technology Co., Ltd., the domain registrar. Hr'g Tr. at 23:22—24:3. The Notification of Successful Member Registration regarding 45.com shows the registrant's username is ▇▇▇▇▇▇ and the member ID is ▇▇▇▇. Ex. 7. The registrar sent to the customer with membership ID ▇▇▇▇ notification that the domain name was transferred to him. Ex. 8. The email address to which the registrar sent notification is ▇▇▇▇▇▇▇▇▇▇, which corresponds to Mr. Huang's phone number of ▇▇▇▇▇▇. *Id.* The registration page displays membership account information for 45.com, including the registrant's name, member ID, username, reference to his Chinese ID number, email address and phone number. Ex. 11. The name on the registration matches Mr. Huang's and the ID number corresponds to that of Mr. Huang's government-issued Resident Identity Card. The membership ID and username match those from the Notification of Successful Member Registration. *Id.* The email and phone number associated with that account match Mr. Huang's cell phone number and email address. *Id.*

Archival records regarding 45.com from Whois, a website registration database of all the registrations of a domain name, shows that as of April 2014, the registrant for 45.com was Xiamen Shiwo Network Technology, the company that subsequently sold the domain name to Mr. Huang. Ex. 13, Hr'g Tr. at 34:19-24. Whois archival records show that Huang Zhiyang, of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Xiamen Huli Fanghu in the Fujian region of China, was the registrant in 2015, 2016, 2017 and 2018. Exs. 14-17. The name and address match the identification of the Intervenor. *Id.* Those records also list the registrant's email address

and phone number, which match the Intervenor's. *Id.*

Mr. Huang testified that he operated the site until April 2021 when he unsuccessfully tried to access it. Hr'g Tr. at 31:7-15. Pursuant to the Court's order, he learned, the domain had been transferred from his ownership to that of Plaintiff's. Ex. 12. The Court finds that Mr. Huang has sufficiently proven his identity with government-issued identification, demonstrated that the registration of the domain name is tied to his personal phone number and email address, and proven that he purchased the domain name.

The Court found Intervenor to be a credible witness, but the same cannot be said of Plaintiff. He failed to appear at the pre-hearing conference and at the hearing itself. He failed to abide by this Court's orders, which included directives to provide the Court with his address and phone number. In emails to chambers and to Intervenor's counsel, Plaintiff claimed to be in Korea and therefore unable to appear in court via videoconferencing. In contravention of the Court's Order, he failed to provide any evidence of his whereabouts or documentation regarding the banning of videoconferencing technology at his location. Plaintiff was afforded the opportunity to email and express mail his evidence, and he failed to do so. Plaintiff stopped responding to the chambers' emails. Hr'g Tr. at 7:3—8:4. This behavior raises serious doubts for the Court that the Plaintiff is who he purports to be.

Furthermore, the evidence he used to establish his ownership of Defendant Domain Name is insufficient. Plaintiff provided Whois archival record for the 45.com domain name from April 8, 2015, prior to the site's ownership being transferred to Huang Zhiyang, which identifies Xiamen Shiwo Network Technology CO., Ltd. as the then-registrant of the domain name. *See* Compl. Exhibit B, Dkt. No. 1-3. However, Plaintiff provided no evidence that he purchased the domain name from the previous owner. Intervenor provided a declaration from the proprietor of

5

Xiamen Shiwo Network Technology attesting to the sale of the domain name to the Intervenor.

The Whois records for 45.com from June 10, 2015, May 12, 2016, April 6, 2017, and April 14, 2018, that Plaintiff provided as exhibits to his Complaint, accurately reflect that a Huang Zhiyang was the registrant of the Defendant Domain Name. Compl. Exhibits C-F, Dkt. Nos. 1-4, 1-5, 1-6, 1-7. However, Plaintiff has not proved that he is the Huang Zhiyang to which the records refer. The records include the home address and phone number of Huang Zhiyang, which match the address and phone number of Intervenor, as shown on his ID card, water bill and cellphone bill. Plaintiff did not provide the Court with a copy of his identification showing his address, nor any other documents showing his address and phone number.

Moreover, the Whois records Plaintiff provided as exhibits are incomplete. Additional information provided in Intervenor's copy of Whois archival records, including the email address of the domain name's registrant, is cut-off from Plaintiff's versions. Unlike Intervenor, Plaintiff has not proven to the Court that his email address matches that used to register the domain name. In fact, the email address provided to the Court by Plaintiff's former counsel and that Plaintiff used to communicate with chambers is whoisprotecte@gmail.com, which is not the email address associated with 45.com's registration at Xiamen Shiwo Network Technology CO., Ltd. Thus, for the reasons stated above, the undersigned Magistrate Judge finds that Intervenor Huang Zhiyang is the real Huang Zhiyang who registered the Defendant Domain Name is thus its rightful owner.

## C. Return of Domain Name

Intervenor's request that an order be entered declaring him the owner of 45.com and that the Defendant Domain Name be transferred back to him will be addressed in a forthcoming

Report and Recommendation to the District Judge.

The Clerk is directed to forward copies of this Order to all counsel of record and to Plaintiff at whoisprotecte@gmail.com.

ENTERED this 17th day of August 2021.

                                              /s/ Ivan D. Davis
                                              Ivan D. Davis
                                              United States Magistrate Judge

Alexandria, Virginia