UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HUANG ZHIYANG,<br><br>Plaintiff,<br><br>v.<br><br>45.COM, an Internet domain name, and JOHN DOE,<br><br>Defendants,<br><br>HUANG ZHIYANG,<br><br>Intervenor, | Case No. 1:20-cv-00836 (LO/IDD) |

## REPORT AND RECOMMENDATION

This MATTER is before the Court on the Motion to Reopen, to Intervene, and for Relief from Final Judgment Order [Dkt. No. 15] (hereinafter "Motion") filed by non-party Huang Zhiyang ("Mr. Huang"). Plaintiff filed a Complaint claiming that the 45.com ("Defendant Domain Name") was stolen by Defendant John Doe. Dkt. No. 1. After Defendants failed to answer the Complaint and upon review of the record, a default judgment was entered in favor of Plaintiff. Dkt. No. 14. As a result of this Motion, the default judgment previously granted by the Court was vacated and remanded for rehearing before the undersigned Magistrate Judge. Dkt. No. 24. The undersigned Magistrate Judge conducted an evidentiary hearing on July 22, 2021 to determine the identity of the real Huang Zhiyang and the rightful owner of the domain name 45.com. The Court granted Movant Huang Zhiyang's motion to intervene. Dkt. No. 45. Upon consideration of the evidence and the

1

totality of the circumstances, the undersigned also determined that Movant Huang Zhiyang ("Mr. Huang" or "Intervenor") is the rightful owner of the domain name 45.com. *Id*. The undersigned recommends that Mr. Huang's Motion with regard to relief from final judgment be GRANTED.

## I. Introduction

On July 23, 2020, Huang Zhiyang ("Mr. Zhiyang" or "Plaintiff") filed his Complaint against 45.com seeking relief under 28 U.S.C. § 1655; the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; the Federal Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707; and related claims arising under Virginia common law. Compl. ¶ 1, Dkt. No. 1. Plaintiff's request that judgment be entered in favor of Mr. Zhiyang on his *in rem* claim for quiet title, that the Court declare Mr. Zhiyang the rightful owner of Defendant Domain Name, and that the Court order the Defendant Domain Name be transferred to Plaintiff was granted. Dkt. No. 14.

Non-party Huang Zhiyang filed a Motion to Reopen, to Intervene, and for Relief from Final Judgment Order on April 27, 2021. Dkt. No. 15. The default judgment granted by the Court on March 12, 2021 [Dkt. No. 14] was vacated and remanded for rehearing before the undersigned Magistrate Judge. Dkt. No. 24. The undersigned conducted an evidentiary hearing on July 22, 2021 to determine the identity of the real Huang Zhiyang and the rightful owner of the domain name 45.com. Dkt. No. 38. Despite numerous attempts to accommodate him, Plaintiff did not appear at the videoconference hearing. Upon consideration of the evidence and the totality of the circumstances, the undersigned Magistrate Judge granted non-party Huang Zhiyang's motion to intervene and determined him to be the rightful owner of the domain name 45.com. Dkt No. 45. The undersigned Magistrate Judge then took the matter regarding relief from final judgment, including return of the domain name to "Intervenor", under advisement to issue this Report and Recommendation.

### A. Jurisdiction, Venue and Joinder

This Court[1] has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1655 because this case involves federal questions arising under a federal law dealing with removal of encumbrances upon title to real or personal property, and the Court has supplemental jurisdiction over Virginia common law claims pursuant to 28 U.S.C. § 1367. Compl. ¶7.

This Court has *in rem* jurisdiction over the Defendant Domain Name because Verisign, Inc., the registry operator for all ".com" domain names, is located in Virginia. See *Chen Lunxi v. Doe*, Civil Action No. 1:19-cv-1027 (AJT/TCB), 2020 U.S. Dist. LEXIS 74849, at *7 (E.D. Va. Mar. 27, 2020). The Court also has *in rem* jurisdiction under 28 U.S.C. § 1655 because the Defendant Domain Name is property situated in this District, and Plaintiff is asserting a claim of ownership and seeking to remove the cloud of title on the domain name. Compl. ¶8.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1655 because the Defendant Domain Name is located in this District. *Id*. ¶ 11. Joinder of the Defendant Domain Name and John Doe is proper under Rule 20(a)(2) in that the claims set forth herein appear to arise out of the same series of transactions, and the same questions of law are common to both Defendants. *Id*. ¶ 12.

### II. Factual Findings

Mr. Huang is a resident of the Fujian Province of China, residing at ▉▉▉▉▉▉▉ in Xiamen city. See Evidentiary Hr'g Ex. 1-3. His phone number is ▉▉▉▉▉ and his email address is ▉▉▉▉▉▉. Ex. 5. Mr. Huang purchased the Defendant Domain Name 45.com on April 20, 2015 from a friend's company, Xiamen Shiwo Network

---

[1] The Court determined in the original default action that all legal requirements regarding service of process were

Technology Co., Ltd. for six million RMB in cash. Ex. 6 at ¶ 4, Decl. of Chen Chunsheng. Mr. Huang registered the domain with Xiamen 35.Com Technology Co., Ltd., the domain registrar. Hr'g Tr. at 23:22—24:3. The email address to which the registrar sent notification regarding the domain name is ▉▉▉▉▉▉▉▉▉▉, which corresponds to Mr. Huang's phone number of ▉▉▉▉▉▉▉ Ex. 8. The registration page displays membership account information for 45.com, including the registrant's name, member ID, username, reference to his Chinese ID number, email address and phone number. Ex. 11. The name on the registration matches Mr. Huang's and the ID number corresponds to that of Mr. Huang's government-issued Resident Identity Card. The email and phone number associated with that account matches Mr. Huang's cell phone number and email address. *Id.* Whois archival records for 45.com show that Huang Zhiyang, of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ in the Fujian region of China, was the domain's registrant in 2015, 2016, 2017 and 2018. Exs. 14-17. The name and address match the identification of the Intervenor. *Id.* Those records list the registrant's email address and phone number, which matches the Intervenor's. *Id.*

Plaintiff Huang Zhiyang purports to be Huang Zhiyang of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Fujian, China and owner of the Defendant Domain Name. Compl. at 1. He filed a complaint in this District claiming that the domain name was hijacked and asserting *in rem* claims.

Mr. Huang operated the site until April 2021 when he unsuccessfully tried to access it. Hr'g Tr. at 31:7-15. Weeks earlier, on March 12, 2021, the Court ordered the domain name be transferred from his ownership to that of the Plaintiff's. Dkt. No. 14. Plaintiff claimed to have purchased the domain name 45.com on April 21, 2015 for $250,000 from Xiamen Shiwo Network Technology CO., Ltd., but unlike Intervenor presented no receipt or supporting documentation Compl. ¶13. The

---

satisfied, and therefore the Court had authority to decide the original default action.

Whois records for 45.com from June 10, 2015, May 12, 2016, April 6, 2017, and April 14, 2018 that Plaintiff provided as exhibits to his Complaint accurately reflect that a Huang Zhiyang was the registrant of the Defendant Domain Name. Compl. Exhibits C-F, Dkt. Nos. 1-4, 1-5, 1-6, 1-7. However, Plaintiff has not proved that he is the Huang Zhiyang to which the records refer. The records include the home address and phone number of Huang Zhiyang, which match the address and phone number of Intervenor, as shown on his ID card, water bill and cellphone bill presented as the hearing. Plaintiff did not provide the Court with a copy of his identification showing his address, nor any documents showing his address and phone number.

### III.    Requested Relief

Intervenor seeks relief from final judgment, a declaration that Intervenor is the rightful owner of the Defendant Domain Name and an order returning ownership of the Defendant Domain Name to Mr. Huang. The Court has already set aside default judgment in favor of Plaintiff and ordered a hearing for examination of the parties' identities. Dkt. No. 24. The undersigned Magistrate Judge found that the Intervenor is the real Huang Zhiyang associated with the Defendant Domain Name. Dkt. No. 45. Having determined which litigant is the true Huang Zhiyang, the Court now turns to legal ownership of the Defendant Domain Name.

#### A. Declaration of Ownership

Under Virginia law, a party asserting a quiet title action must plead that he or she has superior title to the property. *Tapia v. U.S. Bank, N.A.,* 718 F. Supp. 2d 689, 700 (E.D. Va. 2010), *aff'd,* 441 F. App'x 166 (4th Cir. 2011). The judgment in a quiet title action conclusively establishes complete title to the property in the prevailing party. *Parrish v. Fed. Nat'l Mortgage Ass'n*, 787 S.E.2d 116, 127 (Va. 2016).

The undersigned finds that Intervenor has submitted sufficient evidence that he holds superior title to the 45.com domain name and recommends an order be entered declaring him the owner. Mr. Huang's purchase of the Defendant Domain Name 45.com on April 20, 2015 from Xiamen Shiwo Network Technology Co., Ltd. was confirmed by the proprietor. Whois archival records for 45.com show that Huang Zhiyang was the registrant in 2015, 2016, 2017 and 2018. Exs. 14-17. The name, address, email and phone numbers on the registration records match those of the Intervenor. Mr. Huang maintained control of the domain name until April 2021 and would have continued but for the Court's order transferring ownership to Plaintiff. Thus, the undersigned Magistrate Judge recommends that an Order be entered declaring the Intervenor the lawful owner of the Defendant Domain Name.

### B. Return of Domain Name

Federal Rule of Civil Procedure 60 allows a court to grant relief from a default judgment on any of six grounds: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

To obtain relief from a judgment under Rule 60(b), in addition to satisfying one of the six requirements of Rule 60(b), the moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside. *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018). Under Rule 60(b)(6), the movant must show "extraordinary circumstances." *Gonzalez v. Crosby*,

545 U.S. 524, 535, 125 S. Ct. 2641, 2649 (2005). See also *United States v. Salas*, 807 F. App'x 218, 225 (4th Cir. 2020).

The undersigned Magistrate Judge finds that Intervenor is entitled to relief under FRCP 60(b)(6). Here, the Motion was filed on April 27, 2021, less than eight weeks after the Court entered default judgment on March 12, 2021. Thus, the Motion was timely. Second, as the true Huang Zhiyang and rightful owner of 45.com, the Intervenor has a meritorious defense. Mr. Huang presented government-issued IDs to prove his identity, documentation tying his address, phone number and email address to the registration of the domain name and a declaration from the former owner attesting to the sale of the domain name to Mr. Huang. Plaintiff's evidence of ownership is based on incomplete documents that are publicly available. Plaintiff provided no evidence of his identity or of ownership of 45.com. Had Mr. Huang known about the lawsuit, he would have appeared. Third, the opposing party, Plaintiff, is not prejudiced unfairly by the Motion because the evidence shows he is not the rightful owner. "One cannot be prejudiced by the loss of that to which he was not entitled." *Campton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 103 (4th Cir. 1979). Furthermore, Plaintiff knew about the evidentiary hearing to prove the identity of the real Huang Zhiyang and failed to appear or submit any evidence of his identity and ownership of Defendant Domain Name. Thus, Plaintiff was not unfairly prejudiced.

Lastly, extraordinary circumstances warrant granting relief from the default order under FRCP 60(b)(6) and returning the Defendant Domain Name to Intervenor. As required by law concerning motions for default judgments, the Court accepted Plaintiff's representations, as made in the Complaint, that his name was Huang Zhiyang and that he was the rightful owner of Defendant Domain Name, based on documents that showed that the site was registered to a Huang Zhiyang. Plaintiff did not provide documentation of his identity. The Court was not aware that the archival records he submitted were incomplete, omitting the registrant's email and phone number, which

match the Intervenor's email and phone number. In fact, the email address provided to the Court by Plaintiff's former counsel and that Plaintiff used to communicate with chambers is whoisprotecte@gmail.com, which is not the email address associated with 45.com's domain name registration. Plaintiff appears to have misrepresented himself as the registrant of domain name 45.com and made false allegations regarding his identity and ownership of the Defendant Domain Name. The evidence no longer supports entry of default judgment. Under the circumstances, Mr. Huang is entitled to have Defendant Domain Name transferred back to him.

## IV.     Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends that an Order be entered declaring the Intervenor the lawful owner of the 45.com domain name and directing VeriSign, Inc. to transfer the Defendant Domain Name to Intervenor's registrar of choice, GoDaddy.com, and directing GoDaddy.com to transfer ownership of the Defendant Domain Name back to Mr. Huang.

## V.     Notice

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of

record and to the registrant(s) at the email address associated with Plaintiffs and Defendants:

    https://rdap.35.com/contact/domain/45.com
    whoisprotecte@gmail.com

                                                       /s/ Ivan Davis
                                                       Ivan D. Davis
                                                       United States Magistrate Judge

August 20, 2021
Alexandria, Virginia